IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

BRIAN W. MARTIN,

        Plaintiff,

vs.

MCKINLEY CHALET RESORT, LLC
And ARAMARK SPORTS AND
ENTERTAINMENT SERVICES, LLC,

        Defendants.

Case No. 3AN-12-_____ CI

## COMPLAINT

Plaintiff, Brian Martin, by and through counsel, Eide & Gingras, P.C., for his Complaint against Defendants McKinley Chalet Resort, LLC and Aramark Sports and Entertainment Services, LLC, complains and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Brian Martin is, and at all time relevant to this action, has been, a resident of the State of Alaska.

2. On information and belief, McKinley Chalet Resort, LLC is, and at all times relevant to this action, has been, an Alaska limited liability company doing business in the State of Alaska.

3. On information and belief, Defendant Aramark Sports and Entertainment Services, LLC is, and at all times relevant to this action, has been, a Delaware limited liability company doing business in the State of Alaska.

4. On or about September 16, 2010, Plaintiff Brian Martin was a guest at the McKinley Chalet Resort in Denali National Park and Preserve, Alaska.

5. After having dinner at the resort's restaurant, Plaintiff Brian Martin walked outside to see if the Aurora Borealis was visible.

6. Plaintiff Brian Martin left his room on the second floor of the resort, turned left and proceeded down the exterior walkway toward the side of the building.

7. Plaintiff Brian Martin approached the corner of the building and believed the balcony to extend around the corner and along the side of the building. Instead, there was only an unlit staircase. The lights both above and below the staircase were either burned out or turned off.

8. Because of the poorly lit staircase, Plaintiff Brian Martin fell all the way to the bottom of the staircase to the ground floor.

9. As a result of his falling down the staircase, Plaintiff Brian Martin awoke disoriented, in pain, and unsure of how much time had elapsed between his fall and awakening.

10. Using his cell phone, which he had with him, Plaintiff Brian Martin was able to call his friend, who was also a guest at the McKinley Chalet Resort at that time. His friend came to Plaintiff Brian Martin's aid, and helped him back to his room.

11. Two security guards of the resort, one of whom was an Emergency Medical Technician (EMT), provided medical attention to Plaintiff Brian Martin. The EMT informed Plaintiff Brian Martin that the EMT had told the McKinley Chalet Resort about the inadequate lighting of the staircase, and that another security guard had almost fallen down the staircase himself due to the lack of lighting.

12. Upon returning to Anchorage, Plaintiff Brian Martin learned that he had a compound closed fracture of his right fibula and related injuries.

## COUNT I—NEGLIGENCE

13. The General Allegations contained in paragraphs 1 through 12 are incorporated herein by reference as if set out at length herein.

14. Defendants, and each of them, owed Plaintiff Brian Martin a duty of care to maintain adequate lighting in the staircase.

15. Defendants, and each of them, owed Plaintiff Brian Martin a duty of care to section off the staircase or otherwise warn guests of its condition.

16. Defendants, and each of them, breached the duty of care by failing to maintain adequate lighting in the staircase.

17. Defendants, and each of them, breached the duty of care by failing to section off the staircase or otherwise warn guests of its condition.

18. As a result of the breach of care by the Defendants, and each of them, Plaintiff Brian Martin has been injured, has incurred medical expenses, has experienced pain, suffering, and loss of enjoyment of life, all to his damage in an amount in excess of

Complaint
Martin v. McKinley Chalet Resort, LLC, et. al.
Case No. 3AN-12-_____ CI
Page 3 of 5

Case 3:12-cv-00188-HRH   Document 4-1   Filed 09/12/12   Page 3 of 5

ONE HUNDRED THOUSAND DOLLARS and no/cents ($100,000.00), the exact amount to be proven at time of trial.

## COUNT II—PUNITIVE DAMAGES

19. The General Allegations and the allegations set out in Count I are incorporated herein by reference as if set out at length herein.

20. The above-described conduct of Defendants shows that they acted with reckless indifference to the interests of Plaintiff Brian Martin.

21. As a result, Plaintiff is entitled to punitive damages against Defendants, and each of them, in an amount in excess of ONE-HUNDRED THOUSAND DOLLARS and no/cents ($100,000.00) the exact amount to be proven at time of trial.

**WHEREFORE**, Plaintiff Brian Martin requests the following relief:

1. That he be awarded judgment against Defendants, and each of them, in an amount in excess of ONE-HUNDRED THOUSAND DOLLARS and no/cents ($100,000.00), the exact amount to be proven at time of trial;

2. That he be awarded punitive damages in the amount of ONE-HUNDRED THOUSAND DOLLARS and no/cents ($100,000.00) against Defendants, and each of them;

3. That he be awarded his costs, interest, and attorney fees; and

4. That he be awarded such other and further relief as the court deems appropriate under the circumstances.

//

Complaint
Martin v. McKinley Chalet Resort, LLC, et. al.
Case No. 3AN-12 _____ CI
Page 4 of 5

Case 3:12-cv-00188-HRH   Document 4-1   Filed 09/12/12   Page 4 of 5

DATED this 2nd day of August 2012 at Anchorage, Alaska.

EIDE & GINGRAS, P.C.
Attorneys for Plaintiff, Brian W. Martin

_____
Thomas S. Gingras
Alaska Bar #7811098

Complaint
*Martin v. McKinley Chalet Resort, L.L.C., et. al.*
Case No. 3AN-12-_____ CI